UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MANETIRONY CLERVRAIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:20-CV-548-TAV-DCP |
|  | ) |  |
| BILL LEE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff Manetirony Clervrain, a former federal prisoner, who was detained at the Moore Detention Center in Okmulgee, Oklahoma, has filed a civil rights action pursuant to *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) [Docs. 1 and 4], along with a motion to proceed *in forma pauperis* ("IFP") in this action [Doc. 3].

### I. LEGAL STANDARD

Because Plaintiff seeks to proceed IFP, his complaint is subject to *sua sponte* review and mandatory dismissal if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## II. ANALYSIS

Plaintiff has long been deemed a three-striker who has abused the judicial process. *See, e.g.*, *Clervrain v. Wilson*, No. 2:20-CV-02061, 2020 WL 1977392, at *1 (W.D. Ark. Apr. 24, 2020) (acknowledging three strikes bar). He has apparently filed numerous, similar lawsuits throughout the country, causing one court to accuse Plaintiff of attempting to "bamboozle the court." *Clervrain v. Washington*, No. 2:20-CV-5706, 2020 WL 7318096, at *2 (S.D. Ohio Dec. 11, 2020). Another court referred to his pleadings in various courts as "jabberwocky." *Wilson*, 2020 WL 1977392, at *2. The pleadings presented to this Court are no clearer. It appears that Plaintiff is presumably facing deportation, as he alternatively refers to himself throughout his complaint as "The Activist," "The ANT," and the "Deportable Alien" [Doc. 1, p. 1]. He alleges violations of the "Administrative Procedure Act," the "Freedom of Information Act," "The Patent Act," "The Copyright Act," and he references "The ANT Movement Act" and the "Prohibition Financial Burden Act" [*See id.* at 1–2]. In sum, his complaint, while perfectly legible, is entirely nonsensical. Moreover, he does not identify the Defendant or explain his relevance to this lawsuit [*See* Docs. 1 and 4].

An action is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In this case, it is impossible for the Court to determine what actual causes of action are alleged, and Plaintiff has failed to present the Court with facts that would support a viable claim. Accordingly, this action will be dismissed as frivolous.

## III. CONCLUSION

For the reasons set forth above, this action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) [Docs. 1 and 4], and Plaintiff's motion to proceed IFP [Doc. 3] is **DENIED AS MOOT**. The Court further **CERTIFIES** that an appeal would not be taken in good faith, and therefore, should Plaintiff seek leave to appeal IFP, he is **DENIED** permission to proceed IFP on appeal. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE